IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-583-GMS |
| | ) |
| J. KIRCHNER and D. YOUNG, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth), who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, filed this lawsuit on July 8, 2010, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment to the United States Constitution. (D.I. 2.) Before the court is the defendants' motion to dismiss and Bridgeforth's opposition thereto. (D.I. 12, 17.) For the reasons that follow, the court will grant in part and deny in part the motion.

**II. BACKGROUND**

Bridgeforth alleges that on July 8, 2010, he was the victim of race and sex discrimination when he was unlawfully removed from a DART bus. Bridgeforth was subsequently searched by the defendants J. Kirchner ("Kirchner") and D. Young ("Young'), both Delaware River and Bay Authority Officers. They are sued in their official and individual capacities.

Bridgeforth alleges that Kirchner and Young, both of whom were on duty on the day in question, responded to a call from the DART bus regarding Bridgeforth. Upon their arrival, they asked Bridgeforth to exit the bus. Bridgeforth alleges that, once he left the bus, the defendants

searched him without probable cause, based upon his race, color, and sex. The search revealed no contraband.

The defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of immunity pursuant to 10 Del. C. § 4001 and the Eleventh Amendment of the United States Constitution. Bridgeforth opposes the motion.

### III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather, it must

"show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient" unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002).

## IV. DISCUSSION

### A. Delaware Tort Claims Act

Defendants argue that they are immune from tort claims raised against them pursuant to 10 Del. C. § 4001. The Delaware Tort Claims Act provides that:

> [e]xcept as otherwise provided by the Constitutions or laws of the United States or of the State, as the same may expressly require or be interpreted as requiring by a court of competent jurisdiction, no claim or cause of action shall arise, and no judgment, damages, penalties, costs or other money entitlement shall be awarded or assessed against the State or any public officer or employee, including the members of any board, commission, conservation district or agency of the State, whether elected or appointed, and whether now or previously serving as such, in any civil suit or proceeding at law or in equity, or before any administrative tribunal, where the following elements are present;

> (1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority;
>
> (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and
>
> (3) The act or omission complained of was done without gross or wanton negligence; . . . provided further that in any civil action or proceeding against the State or a public officer, employee or member of the State, the plaintiff shall have the burden of proving the absence of 1 or more of the elements of immunity as set forth in this section."

10 Del. C. § 4001.

In other words, the plaintiffs are immune from liability for acts done in good faith, without gross or wanton negligence and which arose out of and in connection with the performance of official discretionary duties. *See Smith v. New Castle Cnty. Vocational-Tech. Sch. Dist.*, 574 F.Supp. 813, 820 (D. Del. 1983). The complaint alleges the defendants searched Bridgeforth without probable cause based upon his race, color, and sex. Liberally construing the complaint, and to the extent that Bridgeforth alleges tort claims, the facts, if proven, could present a meritorious basis for relief to overcome the defendants' assertion of immunity under the Delaware Tort Claims Act. Therefore, the court will deny the motion to dismiss pursuant to 10 Del. C. § 4001.

### B. Eleventh Amendment Immunity

The defendants are sued in their individual and official capacities. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from

a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

However, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted). Therefore, the court will grant the motion to dismiss the official capacities claims to the extent that plaintiff seeks monetary damages from the defendants in their official capacities.

## V. CONCLUSION

For the above reasons, the court will grant in part and deny in part the defendants' motion to dismiss. The court will enter a scheduling order.

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

June 1, 2012
Wilmington, Delaware